[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12266
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00415-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HECTOR CRUZ,

Defendant-Appellant.

_____

No. 10-12326
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00415-JSM-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTIN LOZANO ALVAREZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(May 10, 2011)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Hector Cruz and Valentin Lozano Alvarez appeal their 70-month total sentences imposed after they pled guilty to one count of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii), and one count of aiding and abetting one another to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), and 18 U.S.C. § 2.  Both Cruz and Alvarez appeal the district court's denial of their requests for mitigating-role reductions, pursuant to U.S.S.G. § 3B1.2.  Cruz also appeals his 70-month total sentence, which was at the bottom of his applicable guideline range, as substantively unreasonable. After thorough review, we affirm.

A district court's determination of a defendant's role in an offense is a finding of fact, to be reviewed for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  We review the substantive reasonableness of a sentence

imposed by the district court for abuse of discretion. United States v. Pugh, 515 F.3d 1179, 1189-90 (11th Cir. 2008).

First, we reject the claim by Cruz and Alvarez that the district court clearly erred when it denied their requests for mitigating-role reductions, pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 of the Guidelines permits a mitigating-role adjustment to the guidelines range for a defendant who is substantially less culpable than the average participant. U.S.S.G. § 3B1.2, comment. (n.3). The sentencing court may decrease a defendant's offense level by four points if the court finds the defendant was a minimal participant, or by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(a) and (b). A minimal participant is "plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2, comment. (n.4). A minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The party seeking the mitigating role reduction bears the burden of establishing that the defendant's role was minimal or minor by a preponderance of the evidence. De Varon, 175 F.3d at 939.

In determining whether a mitigating-role reduction is warranted, a district court performs a two-prong analysis examining: (1) the defendant's role in the relevant conduct for which he was held accountable, and (2) the defendant's role in

3

comparison to the other participants. Id. at 940. Under the mandatory first prong, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. The district court must consider all of the facts probative of the defendant's role. Id. at 943. In the drug courier context, relevant facts include, but are not limited to: the amount of drugs, their fair market value, the amount of money to be paid to the courier, an equity interest in the drugs, a role in planning the scheme, and the role in the distribution. Id. at 945. Moreover, the drug quantity "may be the best indication of the magnitude of the courier's participation." Id. at 943. Only if the defendant can establish that he played a minor role in the conduct for which he has already been held accountable, not just a minor role in any larger conspiracy, should the district court grant a downward adjustment for a minor role in the offense. Id. at 941-42, 944.

Under the second prong, the district court may also assess a defendant's culpability in comparison to "other participants in the relevant conduct." Id. at 944. The district court may only consider participants who are "identifiable or discernable from the evidence," and "who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. "[A] defendant is not automatically entitled to a minor role

4

adjustment merely because [he] was somewhat less culpable than the other discernable participants." Id. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [the] role in the offense, since it is possible that none are minor or minimal participants." Id. In order for the defendant to receive a minor-role adjustment, "the district court must determine that the defendant was less culpable than most other participants in [the] relevant conduct." Id. There is no presumption that drug couriers are never minor or minimal participants, or that they are always minor or minimal. Id. at 943. Moreover, "a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." Id. at 940.

With regard to the mandatory first prong of the De Varon analysis, the record indicates that Cruz and Alvarez were held accountable for possessing and conspiring with their codefendant Jesus Alvarez ("Jesus") to distribute five kilograms of cocaine. Although Cruz and Alvarez argued that they were unaware of the scope of the criminal enterprise, as Cruz's role was strictly to drive the truck pursuant to the direction of his codefendant and Alvarez's role was merely that of a simple courier, Cruz admitted that he knew that there was at least five kilograms of cocaine in the truck, and neither Cruz nor Alvarez objected to the amount of drugs attributed to them

or to the other facts in the PSI. Further, the district court stated that it didn't "believe [Cruz's] testimony that he didn't have any idea how much the drugs cost or how much they were sold for," and the court found that Cruz, Alvarez and Jesus were all three involved in the cocaine-transaction business and had "divide[d] the profits." Finally, Alvarez's argument, that his role was relatively minor when compared to the "many unapprehended . . . members of the larger drug distribution conspiracy," is without merit because Alvarez was only held accountable for the five kilograms of cocaine that he possessed at the time of his arrest, and because under DeVaron, a minor-role reduction is proper "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy. . ." Id. at 944. Thus, under the first prong, neither Cruz's nor Alvarez's role was minor in relation to the relevant conduct for which they were held accountable.

Regarding the second prong of the De Varon analysis, the participants discernable from the evidence and involved in the relevant conduct were Cruz, Alvarez and Jesus. However, as noted above, the court found that based on the evidence, Cruz and Alvarez had participated in the cocaine-transaction business and had split the proceeds equally with his codefendants. Although Jesus may have had knowledge as to when and where to transport the cocaine, the record does not

indicate, and Cruz and Alvarez have not established, that the roles of the three codefendants differed in any real way. Moreover, we do not presume that a drug courier plays a minor role in a drug distribution conspiracy. Id. at 943. In short, neither Cruz nor Alvarez has shown that he was not substantially less culpable than the average participant or even less culpable than most other participants in the criminal enterprise. Accordingly, the district court did not clearly err in determining that Cruz and Alvarez did not qualify for mitigating-role reductions. See id. at 939, 944.

We also find no merit to Cruz's argument that his 70-month total sentence is substantively unreasonable. We must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."[1] United States v. Talley, 431 F.3d 784, 788 (11th Cir.

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, __ S. Ct. __, 2011 WL 1225730 (U.S. Apr. 4, 2011) (No. 10-727). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010). "[O]rdinarily, we would expect a sentence within the Guidelines range to be reasonable." United States v. Chavez, 584 F.3d 1354, 1365 (11th Cir. 2009) (quotation omitted), cert. denied, 131 S.Ct. 436 (2010).

Here, Cruz's total sentence was not substantively unreasonable because the district court considered the comments of Cruz and his attorney, the PSI, and the 18 U.S.C. § 3553(a) sentencing factors in determining that "the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of

8

sentencing." Although the court did not find that Cruz was entitled to a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2, the court's decision to impose a sentence at the bottom of the guidelines range suggests that it considered Cruz's arguments in mitigation. Additionally, because Cruz's total sentence was at the bottom of the advisory guidelines range, especially given the seriousness of the offenses, and the fact that the court stated that it did not "believe [Cruz's] testimony that he didn't have any idea how much the drugs cost or how much they were sold for," Cruz has not met his burden to show that the sentence was unreasonable. Moreover, a sentence within the guidelines range, while not presumed reasonable, is accorded an expectation of reasonableness. Chavez, 584 F.3d at 1365. Thus, the district court did not violate the purpose of § 3553(a) in imposing a low-end guideline range sentence based on the totality of the circumstances. Pugh, 515 F.3d at 1190.

**AFFIRMED.**